UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JEAN-GESPERE PIERRE,

                    Plaintiff,

                    v.

THE INGBER LAW FIRM, PLLC, MR. CLIFFORD
INGBER and MS. SHARON O. SIMON,

                    Defendants.

**MEMORANDUM & ORDER**
16-CV-5974 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

    Plaintiff Jean-Gespere Pierre, proceeding *pro se*, brings this action against Defendants The Ingber Law Firm, PLLC, Clifford Ingber and Sharon O. Simon for their role in representing Plaintiff's employer, FJC Security Services, Inc., in an employment discrimination action currently pending before this Court. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court dismisses the Complaint.

    **I. Background**

    On September 2, 2015, Plaintiff filed a complaint, alleging employment discrimination by his employer, FJC Security Services, Inc. ("FJC") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), (the "FJC Action"). (Compl., Docket Entry No. 1.) Clifford J. Ingber and Sharon D. Simon of The Ingber Law Firm, PLLC appeared on behalf of FJC in the FJC Action, which remains pending in this Court.[1] *Pierre v. FJC Sec. Servs., Inc.*, No. 15-CV-4627 (E.D.N.Y. filed Sept. 2, 2015).

---

    [1] Before the FJC Action, Plaintiff filed an employment discrimination lawsuit against a former employer, Airserv Security, which action the Court dismissed on September 21, 2016 (the "Airserv Action"). *Pierre v. Airserv Sec.*, No. 14-CV-5915, 2016 WL 5136256 (E.D.N.Y. Sept. 21, 2016). After the dismissal of the Airserv Action, on August 3, 2016, Plaintiff commenced a

Plaintiff filed the instant action on October 26, 2016 against The Ingber Law Firm and its attorneys, alleging "false accusations in [his] complaint against Judge Steven Tiscione." (Compl. 5.) Plaintiff alleges that Defendants "are involved in a series of acts of false statements that violated" his rights secured by the First, Fifth and Fourteenth Amendments. (*Id.*) Plaintiff states that "I have requested from the Court to order a relief from law firm Ingber, PLLC, and its lawyer Clifford and its attorney Sharon D. Simon for having misused my statements in my process with FJC Security and the Judge Steven Tiscione for ex parte, while I have proof for that" (*sic*). (*Id.* at 6.) Plaintiff has not specified the type of relief he seeks.

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)); *see Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (holding that

---

separate civil action against the lawyer and law firm representing Airserv Security, which action the Court dismissed for failure to state a claim. *Pierre v. Law Firm Littler Mendelson, P.C.*, No. 16-CV-04364, 2016 WL 6426373, at *2 (E.D.N.Y. Oct. 28, 2016).

courts must liberally construe papers submitted by *pro se* litigants "to make the strongest arguments they suggest"); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Section 1983 claim

Plaintiff alleges that Defendants violated his rights under the First, Fifth and Fourteenth Amendments by being "involved in a series of acts of false statements" and "mis[using] [his] statements" in his lawsuit against his employer. (Compl. 5–6.) Because a suit for damages based on allegedly unconstitutional conduct must be pursued under 42 U.S.C. § 1983, the Court has construed Plaintiff's allegations as assertions of unconstitutional state action under Section 1983. *See Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) ("Section 1983 provides persons with a private cause of action against those acting under color of state law to recover money damages for the deprivation of any rights . . . secured by the Constitution." (citation and internal quotation marks omitted)).

Section 1983 requires a plaintiff to demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010). The Supreme Court has held, "the under-color-of-state-law element of [Section] 1983 excludes from its reach merely private

conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).

Defendants are private individuals and a private law firm whose conduct cannot be fairly attributed to the State. "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt,* No. 11-CV-5430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases); *see Polk County v. Dodson*, 454 U.S. 312, 319 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of [Section] 1983."). Thus, Plaintiff's Section 1983 claims are dismissed for failure to state a claim upon which relief may be granted. *See Azkour v. Bowery Residents Comm., Inc.*, 646 F. App'x 40, 41 (2d Cir. 2016) (affirming dismissal of a Section 1983 claim because the defendant was a private entity, not a state actor); *Grogan v. Blooming Grove Volunteer Ambulance Corps.*, 768 F.3d 259, 263–69 (2d Cir. 2014) (affirming dismissal of a Section 1983 claim because the plaintiff failed to prove that the defendant's actions were state actions); *Harrison v. New York*, 95 F. Supp. 3d 293, 306 (E.D.N.Y. 2015) (dismissing *pro se* plaintiff's Section 1983 claims for failure to plead state action).

### III. Conclusion

For the reasons set forth above, the Complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

       s/ MKB          
MARGO K. BRODIE
United States District Judge

Dated: January 25, 2017
       Brooklyn, New York